**SPENCER FANE LLP**
David E. Funkhouser III, Esq., Bar No. 022449
Jessica A. Gale, Esq., Bar No. 030583
2415 E. Camelback Road, Suite 600
Phoenix, AZ 85016-4251
Telephone: (602) 333-5451
Facsimile: (602) 333-5431
Email:   dfunkhouser@spencerfane.com
           jgale@spencerfane.com

**GOODWIN PROCTER LLP**
Scott T. Weingaertner, Esq. *(pro hac vice to be forthcoming)*
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 202-6268
Email: SWeingaertner@goodwinlaw.com

*Attorneys for Defendant TrackMan, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TrackMan, Inc., <br><br> Defendant. | Case No. 2:23-cv-02518-JJT <br><br> **DEFENDANT TRACKMAN, INC.'S MOTION TO DISMISS** <br><br> (Assigned to the Hon. John J. Tuchi) |

### I.   INTRODUCTION

Plaintiff Wyoming Intellectual Property Holdings, LLC ("Plaintiff"), an entity that does not claim any ongoing business operations, filed a complaint alleging that Defendant TrackMan, Inc. ("TrackMan") has infringed a patent, U.S. Patent No. 8,617,671. *See* ECF No. 1 ¶¶ 20-34 ("COUNT I," the sole "count" in the complaint, alleging "Infringement of United States Patent No. 8,617,671"); *see id.* at 8 (Plaintiff's "Prayer for Relief" asking the Court to "[e]nter an Order enjoining Defendant . . . from further infringement of United States Patent No. 8,617,671…."). But the complaint makes no factual allegations concerning TrackMan's alleged infringement of United States Patent No. 8,617,671.

Indeed, the "Patent-in-Suit" portion of the complaint does not discuss United States Patent No. 8,617,671 at all. *See id.* ¶¶ 8-19. It discusses an entirely different patent, **U.S. Patent No. 9,384,671**. *See id.* ¶¶ 8-19, Ex. B. The complaint therefore fails to state a claim upon which relief can be granted as against Trackman and should be dismissed under Rule 12(b)(6).

Moreover, Plaintiff does not own U.S. Patent No. 8,617,671, the asserted patent. United States Patent No. 8,617,671 is owned by a different entity, GM Global Technology Operations LLC, which is not a party to this action. Plaintiff lacks standing to assert United States Patent No. 8,617,671, independently warranting dismissal under Rule 12(b)(1).

TrackMan raised this issue with Plaintiff multiple times, proposing that Plaintiff amend its complaint with TrackMan's consent under Federal Rule of Civil Procedure 15(a)(2), in order to avoid the need for motion practice on the grounds set forth in this motion. *See, generally,* Declaration of Scott T. Weingaertner ("Weingaertner Decl."), attached hereto as Exhibit 1. Plaintiff repeatedly refused.[1] *See id.* Exs. A, B, C. Plaintiff's refusal to amend the complaint is inexplicable and wastes this Court's and the parties' time and resources. The Court should dismiss the complaint with prejudice.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *See Cousins v. Lockyer*, 568 F.3d 1063,

---

[1] On February 10, 2024, Plaintiff refused, again, to amend its complaint and falsely alleged that Defendant intended to move to dismiss not only on the grounds set forth in this motion, but unspecified others. *See* Weingaertner Decl., Ex. B (Feb. 10, 2024 email from Randall Garteiser). Defendant never stated or signaled any such intention to Plaintiff. *See id.* (Feb. 11, 2024 email from David E. Funkhouser III).

1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must give fair notice and state the elements of the claim plainly and succinctly (*Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984)) and "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679-80.

### B.     Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal of a claim for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts sufficient to establish subject matter jurisdiction. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). The plaintiff also bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

And, motions to dismiss for lack of subject matter jurisdiction can be either "facial," confining the inquiry to the allegations in the complaint, or "factual," permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Once a moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence

PH 2648526.2

necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage*, 343 F.3d at 1040, n. 3.

**III.    ARGUMENT**

    **A.    Plaintiff Failed to Plead Any Factual Allegations of Infringement**

The complaint alleges that TrackMan is liable for "Infringement of United States Patent No. 8,617,671" because Trackman "infringes one or more claims, including at least Claim 1." ECF No. 1 ¶¶ 20-34. The complaint, however, fails to plead any facts that plausibly show that TrackMan has infringed U.S. Patent No. 8,617,671. Plaintiff's portion of the complaint discussing the "Patent-in-Suit" does not discuss the asserted patent. *See id.* ¶¶ 8-19.[2]

Plaintiff claims to have attached as Exhibit B a claim chart "comparing" an "exemplary claim" of the asserted patent to "Defendant's exemplary Products." *Id.* ¶ 29. Exhibit B to the complaint does not compare the asserted patent to TrackMan's products. Exhibit B to the complaint purports, on its face, to compare **U.S. Patent No. US 9,384,671**, a different and unasserted patent "v. Trackman." *Id.*, Ex. B at 1.

There are no allegations concerning alleged infringement of the asserted patent, U.S. Patent No. 8,617,671. Plaintiff has failed to give fair notice and state the elements of the claim plainly and succinctly such that the Court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984)); *Jen-Lung Tai v. Minka Lighting, Inc.*, No. 16-cv-02810-PHX-DLR, 2017 U.S. Dist. LEXIS 19973, at *7 (D. Ariz. Feb. 13, 2017) ("Plaintiff 'does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent

---

[2] "On a motion to dismiss under Rule 12(b)(6), the Court may consider the [patent] as it is incorporated by reference in the Complaint." *ShenZhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, No. 21-cv-1393-GPC, 2021 U.S. Dist. LEXIS 217972, at *19 n.8 (S.D. Cal. Nov. 10, 2021) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). In resolving TrackMan's alternative request for relief under Rule 12(b)(1), such extrinsic evidence may be freely considered. *See, e.g.*, *Savage*, 343 F.3d at 1040 n.3 (9th Cir. 2003).

4

1 | infringement claim in conclusory fashion, absent any factual support.'"). Dismissal is
2 | warranted. *See id.*

### B. Plaintiff Lacks Standing to Claim Infringement of the Asserted Patent

The Court also may dismiss the complaint for lack of standing. The Patent Act requires "that a suit for infringement of patent rights ordinarily be brought by a party holding legal title to the patent." *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007) (citing *Sicom Sys., Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)). In patent infringement suits, assignment of all patent rights is required for constitutional standing to sue for infringement. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). Here, Plaintiff does not own the asserted patent, U.S. Patent No. 8,617,671. *See* Ex. 1, Weingaertner Decl., at Ex. D. Plaintiff therefore lacks standing to sue for its alleged infringement, and the complaint should be dismissed. *See Demodulation, Inc. v. United States*, 118 Fed. Cl. 69 (Fed. Cl. 2014) (dismissing claim for lack of subject matter jurisdiction because the "patent is not owned by [plaintiff], and a lack of ownership precludes the right to recover for patent infringement").

### C. The Complaint Should Be Dismissed with Prejudice

The complaint should be dismissed with prejudice because Plaintiff repeatedly has refused to amend its complaint despite TrackMan raising this issue and consenting to such amendment to avoid any need for motion practice. Plaintiff's conduct has spawned unnecessary and wasteful motion practice.

"A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000). Here, Plaintiff has maintained, and refused to amend, its defective complaint without basis. TrackMan brought the defects to Plaintiff's attention weeks ago that the complaint alleged infringement of a patent that was not discussed in the complaint. *See* Ex. 1, Weingaertner Decl., at Exs. A, B. Plaintiff has refused multiple requests to amend the complaint on consent. *See id.,* at Exs. A, B, C. Courts have found such conduct unreasonable and

sufficient to award a defendant its attorneys' fees.[3]  Given Plaintiff's behavior, the complaint should be dismissed with prejudice. *See Martinez v. Baughman*, No. 1:19-cv-01459, 2021 U.S. Dist. LEXIS 240070, at *5-6 (E.D. Cal. Dec. 14, 2021 (dismissing complaint with prejudice because "misrepresented his financial situation in bad faith"), *adopted by* 2022 U.S. Dist. LEXIS 159651 (E.D. Cal. Sept. 2, 2022).

### IV. CONCLUSION

For the foregoing reasons TrackMan respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

DATED this 12th day of February, 2024.

**SPENCER FANE LLP**

*s/ David E. Funkhouser III*
David E. Funkhouser III
Jessica A. Gale

*Attorneys for Defendant TrackMan, Inc.*

---

[3] Should TrackMan prevail on this motion, or should Plaintiff amend its complaint rather than oppose this motion, TrackMan will seek an award of its fees incurred in preparing this motion. *See NetSoc, LLC v. Chegg Inc.*, No. 18-cv-10262-RA, 2020 U.S. Dist. LEXIS 232321, at *8-9, *15-16 (S.D.N.Y. Dec. 10, 2020) (awarding attorney's fees where complaint listed wrong patent number and plaintiff failed to remedy the defect, even after it was brought to plaintiff's attention, until motion practice).

## CERTIFICATE OF SERVICE

I hereby certify that on February 12 2024, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

*s/ Courtney Ryan*