Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:    202-257-3720
E-mail:          ken@motosalaslaw.com

Randall Garteiser (TX Bar No. Texas Bar No. 24038912) (*pro hac vice*)
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
rgarteiser@ghiplaw.com
*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Trackman, Inc., <br><br> Defendant. | No. 2:23-cv-02518-JTT <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Wyoming Intellectual Property Holdings, LLC ("Plaintiff" and/or "WIPH") files this First Amended Complaint against Trackman, Inc. ("Defendant" and/or "Trackman") for infringement of U.S. Patent No. 9,384,671 ("the '671 Patent") and alleges as follows:

## THE PARTIES

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware and has a principal place of business at 16445 N.

1  91st St., Scottsdale, Arizona 85260. Upon information and belief, Defendant can be served
2  with process upon Corporation Service Company located at 251 Little Falls Drive,
3  Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

5  3.  This action arises under the patent laws of the United States, 35 U.S.C. § 271
6  *et seq.* Plaintiff is seeking damages, as well as attorney fees and costs.

7  4.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal
8  Question) and 1338(a) (Patents).

9  5.  On information and belief, this Court has personal jurisdiction over Defendant
10 because Defendant has committed, and continues to commit, acts of infringement in this
11 District, has conducted business in this District, and/or has engaged in continuous and
12 systematic activities in this District.

13 6.  On information and belief, Defendant's instrumentalities that are alleged
14 herein to infringe were and continue to be used, imported, offered for sale, and/or sold in
15 this District.

16 7.  Venue is proper against Defendant in this District pursuant to 28 U.S.C. §
17 1400(b) and 1391(c) because it has maintained established and regular places of business in
18 this District and has committed acts of patent infringement in the District from those regular
19 and established places of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed.
20 Cir. 2017). *See* Figures 1-3 below.



Figure 1
(source: https://www.linkedin.com/company/trackman-/about/)



Figure 2
(source: Google Maps)

# CUSTOMER SERVICE REPRESENTATIVE

Would you like to play a key role in supporting TrackMan's Support Team and our customers? Are you motivated, self-driven and willing to go the extra mile? Then you should join our successful TrackMan Support team!

As a Tier 1 customer support technician, you will be providing an exceptional customer experience, interfacing with multiple internal and external teams, and using technical disciplines and know-how to resolve complex issues. This position is based in Scotttsdale, AZ.

Figure 3
(source: Google Maps)

**PATENT-IN-SUIT**

8. On July 5, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '671 Patent, entitled "Instruction Production." The '671 Patent is attached as Exhibit A.

9. Plaintiff is the sole and exclusive owner, by assignment, of the '671 Patent.

10. Plaintiff possesses all rights of recovery under the '671 Patent, including the exclusive right to recover for past, present and future infringement.

11. The '671 Patent contains twenty claims including three independent claims (claims 1, 12 and 16) and seventeen dependent claims.

12. The priority date of the '671 Patent is at least as early as February 17, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

13. Plaintiff alleges infringement on the part of Defendant of the '671 Patent.

14. The '671 Patent teaches systems and methods for identifying a difference between an actual action of a user and a standard action for the user, and for producing an instruction to instruct the user to change from the action of the user to the standard action for the user. The systems and methods of the '671 Patent can be used to monitor how a golfer swings his or her golf club, automatically compare the golfer's swing against a preferred golf swing (such as the swing of a professional golfer), and produce an instruction to the golfer. *See* '671 Patent, Abstract and 2:43-54.

15. The '671 Patent was examined by Primary United States Patent Examiner Robert J. Utama. During the examination of the '671 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G09B 5102 (2013.01).

16. After conducting a search for prior art during the examination of the '671 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 5,697,791; US 5,980,429; US 2005/0014113; US 2008/0076637; US 2010/0081116; Associated Press, Tiger Woods swing app available, Mar. 23, 2011, http://sports.espn.go.com/golf/news/story?id=6249863, Orlando, Florida; Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj .com/article/SB1000 1 424052702304782404577488863709341 728.html.

17. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '671 Patent to issue. In so doing, it is presumed that Examiner Utama used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Utama had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '671 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '671 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Utama.

18. The claims of the '671 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291,

1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

19. The nominal expiration date for the claims of the '671 Patent is no earlier than July 8, 2033.

### COUNT I

### (Infringement of United States Patent No. 9,384,671)

20. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 19, the same as if set forth herein.

21. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

22. Defendant has knowledge of its infringement of the '671 Patent, at least as of the service of the present complaint.

23. The '671 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '671 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Trackman 4 system, that provides data related to every aspect of club and ball, that analyzes trajectory, shots, swings, and that emphasizes and/or instructs on potential areas of improvement ("Products"), which infringe at least Claim 1 of the '671 Patent. Defendant has infringed and continues to infringe the '671 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

25. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '671 Patent, by having its employees internally test and use these exemplary Products.

26. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

27. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claim 1, of the '671 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claim 1, of the '671 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

28. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '671 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claim 1, of the '671 Patent.

29. Exhibit B includes at least one chart comparing the exemplary claim 1 of the '671 Patent to Defendant's exemplary Products. As set forth in this chart, the Defendant's exemplary Products practice the technology claimed by the '671 Patent. Accordingly, the Defendant's exemplary Products incorporated in this chart satisfy all elements of the exemplary claim 1 of the '671 Patent.

30. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

31. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

32. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

33. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

34. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 9,384,671 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3. Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

4. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

RESPECTFULLY SUBMITTED this 26th day of February, 2024.

          MotoSalas Law, PLLC:

          By: */s/Kenneth M. Motolenich-Salas*
          Kenneth M. Motolenich-Salas (Bar No. 027499)
          MotoSalas Law, PLLC
          16210 North 63rd Street
          Scottsdale, AZ 85254
          Telephone:    202-257-3720
          E-mail:    ken@motosalaslaw.com

| | |
|---|---|
| 1 | Randall Garteiser (*pro hac vice*) |
| 2 | Texas Bar No. 24038912 |
|   | rgarteiser@ghiplaw.com |
| 3 | GARTEISER HONEA, PLLC |
|   | 119 W. Ferguson Street |
| 4 | Tyler, Texas 75702 |
| 5 | Telephone: (903) 705-7420 |
|   | Facsimile: (903) 405-3999 |
| 6 | *Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC* |

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2024, I electronically transmitted the foregoing document and all exhibits thereto to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

By: */s/ Kenneth M. Motolenich-Salas*