Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:    202-257-3720
E-mail:           ken@motosalaslaw.com


Randall Garteiser (TX Bar No. Texas Bar No. 24038912) (*pro hac vice*)
Christopher A. Honea (TX Bar No. 24059967) (*pro hac vice* to be forthcoming)
M. Scott Fuller (TX Bar No. 24036607)(*pro hac vice* to be forthcoming)
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
chonea@ghiplaw.com
rgarteiser@ghiplaw.com
sfuller@ghiplaw.com
*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Trackman, Inc.,<br><br>Defendant. | Case No. 2:23-cv-02518-JJT<br><br>**PLAINTIFF WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 20)**<br><br>**[Concurrently filed with Declaration of Randall Garteiser and Exhibit 1 – a comparison of the Amended Complaint with the Original Complaint]** |

Plaintiff Wyoming Intellectual Property Holdings, LLC, by and through undersigned counsel, hereby respectfully submits its response to the Court's Order to Show Cause (Dkt. No. 20). Plaintiff's lead counsel, Randall Garteiser, accepts complete responsibility for this misunderstanding and apologizes to the Court and have already apologized to opposing counsel. No excuses. Plaintiff appreciates the opportunity to file this statement with the Court.

In compliance with its duty to meet and confer, Plaintiff sought full disclosure from Defendant with respect to all purported Rule 12 bases for dismissal. This was done by Counsel for Plaintiff in an effort to file a single Amended Complaint addressing all issues, rather than burdening the Court with multiple amendments.

Over the weekend leading up to the deadline for Defendant to file its responsive pleading (as extended by the Court upon agreement of the parties and non-opposition from Plaintiff), Defendant sought to force Plaintiff to file an Amended Complaint over a typo of a patent number in the original as-filed Complaint that the parties' lead counsel had already discussed about a month before.

Further, confusion exists also over the last-minute involvement of Defendant's local counsel, who had previously not participated in prior communications between Plaintiff's lead counsel and Defendant's lead counsel. Counsel for Plaintiff was therefore somewhat perplexed, given the fact that local counsel for Defendant was suddenly attempting to force Plaintiff into filing an amended complaint but could not confirm if additional objections from Defendant existed in addition to a typo that (again) was no more than an obvious error, concerning which:

(1) Randall Garteiser (lead counsel for Plaintiff) had discussed with lead counsel for Defendant on the phone about a month prior to the Defendant's motion;

(2) The correct patent number appears in the first paragraph of the Original Patent;

(3) A copy of the correct patent was attached as Exhibit A to the Original Complaint (Dkt. No. 1-1); and

(4) A claim chart alleging infringement for the correct patent was attached as

Exhibit B to the Original Complaint (Dkt. No. 1-2).

Based on the foregoing, Plaintiff did not believe Defendant was confused, and certainly not confused enough to warrant filing of a motion to dismiss.

> **PATENT-IN-SUIT**
>
> 8. On July 5, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '671 Patent, entitled "Instruction Production." The '671 Patent is attached as Exhibit A.
> 9. Plaintiff is the sole and exclusive owner, by assignment, of the '671 Patent.
> 10. Plaintiff possesses all rights of recovery under the '671 Patent, including the exclusive right to recover for past, present and future infringement.
> 11. The '671 Patent contains twenty claims including three independent claims (claims 1, 12 and 16) and seventeen dependent claims.
> 12. The priority date of the '671 Patent is at least as early as February 17, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.
> 13. Plaintiff alleges infringement on the part of Defendant of the '671 Patent.
> 14. The '671 Patent teaches systems and methods for identifying a difference between an actual action of a user and a standard action for the user, and for producing an instruction to instruct the user to change from the action of the user to the standard action for the user. The systems and methods of the '671 Patent can be used to monitor how a golfer swings his or her golf club, automatically compare the golfer's swing against a preferred golf swing (such as the swing of a professional golfer), and produce an instruction to the golfer. *See* '671 Patent, Abstract and 2:43-54.

*Figure 1* - Dkt. No. 1 at ¶ 14.

Additionally, Defendant makes products described and alleged to infringe the correct patent as outlined from the quote taken from the correct patent at Dkt. No. 1-1 at Column 2, Lines 43-54, as described in ¶ 14 of the Original Complaint (Dkt. No. 1) (*Compare Figure 1 with Figure 2*).

> **DETAILED DESCRIPTION**
>
> Described herein are example systems, methods, and other embodiments associated with instruction production. A golfer going to a club professional can be time consuming, expensive, and have other negative aspects. Therefore, it may be beneficial for the golfer to receive instruction from a system, such as an application on a mobile phone or other electronic device. The application can monitor how the golfer swings his or her golf club and automatically compare the golfer's golf swing against a preferred golf swing, such as the swing of a leading professional golfer. Based on a result of this comparison, the application can produce an instruction to the golfer.

*Figure 2* – Dkt. No. 1-1 at Column 2, Lines 43-54.

As such, Plaintiff does not believe sanctions are appropriate in this situation, chiefly because, as part of the meet and confer, Defendant would not confirm if it had an additional basis to move to dismiss under Rule 12. Rather, Defendant's local counsel merely responded Defendant's lead counsel had not identified any additional bases "at this time at least." (Dkt. No. 14-1 at ECF page 14, Feb. 11, Sunday email from Defendant's local counsel). Respectfully, lead counsel for Defendant should have confirmed himself that there were no additional issues with the Original Complaint, but he did not do so. As part of the proper meet and confer requirements, such disclosure would have allowed Plaintiff to address any additional deficiency in a single filing.

As shown in the attached red-line of the Amended Complaint (attached hereto with the concurrently filed Exhibit 1) where the typo existed in the Original Complaint, Defendant could have simply denied infringement, like it will do now in its Answer to the Amended Complaint.

Simply put, Defendant's motion was not necessary, and since the only basis was the patent typo a simple general denial answer to the complaint would have sufficed.

Notwithstanding the above explanation as the Court Ordered, any failure the Court determines existed, lead counsel Randall Garteiser takes 100% accountability for. Again,

Plaintiff appreciates the opportunity to file this statement with the Court.

RESPECTFULLY SUBMITTED this March 1, 2024,

GARTEISER HONEA, PLLC:

By: */s/Randall Garteiser*

Randall Garteiser (*pro hac vice*)
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea (*pro hac vice* to be forthcoming)
Texas Bar No. 24059967
chonea@ghiplaw.com

M. Scott Fuller (*pro hac vice* to be forthcoming)
Texas Bar No. 24036607
sfuller@ghiplaw.com
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone: 202-257-3720
E-mail:    ken@motosalaslaw.com

*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024, I electronically transmitted the foregoing document and all exhibits thereto to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

By: */s/ Randall Garteiser (ecf filer)*