Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:   202-257-3720
E-mail:       ken@motosalaslaw.com

Randall Garteiser (TX Bar No. Texas Bar No. 24038912) (*pro hac vice*)
Christopher A. Honea (TX Bar No. 24059967) (*pro hac vice* to be forthcoming)
M. Scott Fuller (TX Bar No. 24036607)(*pro hac vice* to be forthcoming)
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
chonea@ghiplaw.com
rgarteiser@ghiplaw.com
sfuller@ghiplaw.com
*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Trackman, Inc.,<br><br>Defendant. | Case No. 2:23-cv-02518-JJT<br><br>**DECLARATION OF RANDALL GARTEISER IN SUPPORT OF PLAINTIFF WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 20)** |

I, Randall Garteiser, hereby declare:

1. I am an attorney at Garteiser Honea, PLLC. I am counsel of record for Plaintiff in this case. I have personal knowledge of the facts provided herein, and I could competently testify to them if called as a witness.

2. I make this declaration in support of Plaintiff's response to the Court's Order to Show Cause.

3. Attached hereto as Exhibit 1 is a true and correct copy of a redline of the differences between the Original Complaint and the Amended Complaint.

4. As part of my meet and confer obligation, I asked opposing counsel if there was any additional reason for dismissal of the Original Complaint. In response, local counsel for defendant, as opposed to lead counsel responded, and indicated that lead counsel did not have any additional reasons for dismissal at this time. Based on my 20 years of experience in patent litigation, I was under the impression that Defendant would be filing an answer denying infringement. However, I was incorrect and instead Defendant filed a motion to dismiss, as they indicated in their correspondence to me that they would, but I did not believe they actually thought they had a good faith basis to believe. I was surprised when I prepared an opposition to learn the only objection was the typo that I had already discussed with Lead Counsel for Defendant Mr. Weingartner. And I was completely caught off-guard by the Court's *sua sponte* motion for sanctions. I remain 100% accountable because I am Lead Counsel. I remain consistent that Lead Counsel for Defendant, under the Court's Order, had an equal obligation to me as Lead Counsel for Plaintiff, to disclose any additional obligation for dismissal, as I requested. In hindsight, this appears to be a big misunderstanding where local counsel for defendant provided the perception to

me that lead counsel did not have any additional bases for dismissal, so pressure, at the last minute over a weekend, was applied to me by Defendant's local counsel, as a cover for a lead counsel that was not available, understandably, on Saturday or Sunday before the response of the Defendant.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my personal knowledge.

Executed on March 1, 2024, in Tyler, Texas.

By: */s/ Randall Garteiser*
Randall Garteiser

3