**SPENCER FANE LLP**
David E. Funkhouser III, Esq., Bar No. 022449
Jessica A. Gale, Esq., Bar No. 030583
2415 E. Camelback Road, Suite 600
Phoenix, AZ 85016-4251
Telephone: (602) 333-5451
Facsimile: (602) 333-5431
Email:   dfunkhouser@spencerfane.com
            jgale@spencerfane.com

**GOODWIN PROCTER LLP**
Scott T. Weingaertner, Esq. *(admitted pro hac vice)*
Stefan Mentzer, Esq. *(admitted pro hac vice)*
Timothy Keegan, Esq. *(admitted pro hac vice)*
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 202-6268
Email: SWeingaertner@goodwinlaw.com
Email: SMentzer@goodwinlaw.com
Email: TKeegan@goodwinlaw.com

*Attorneys for Defendant TrackMan, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TrackMan, Inc.,<br><br>Defendant. | Case No. 2:23-cv-02518-JJT<br><br>**DEFENDANT TRACKMAN, INC.'S STATEMENT OF ATTORNEYS' FEES**<br><br>(Assigned to the Hon. John J. Tuchi) |

Pursuant to L.R. Civ. 54.2 and the Court's February 27, 2024 Order (Doc. 20), Defendant TrackMan, Inc. ("TrackMan") submits this statement of the reasonable attorneys' fees it incurred in preparing the Motion to Dismiss (Doc. 14) and this Statement. TrackMan respectfully requests an order directing Plaintiff Wyoming Intellectual Property Holdings, LLC ("Plaintiff") or its counsel to pay $17,157.00 in fees to TrackMan. The basis for this amount is set forth below and in the Declaration of David E. Funkhouser III ("Funkhouser Decl."), the Declaration of Scott T. Weingaertner ("Weingaertner Decl."),

1

and their accompanying exhibits which include task-based itemized statements of the attorneys' fees incurred.

## I.   TRACKMAN IS ELIGIBLE FOR A FEE AWARD.

TrackMan seeks to recover its attorneys' fees pursuant to 28 U.S.C. § 1927, the Court's inherent powers, and the Court's December 7, 2023 Order (Doc. 9).

Under 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Court also has inherent authority to issue sanctions including the costs of attorneys' fees and expenses. *See Rooter Hero Phoenix Inc. v. Beebe*, No. 22-cv-00220-PHX-JTT, 2023 WL 399799, at *2 (D. Ariz. Jan. 25, 2023) (Tuchi, J.) (citing *B.K.B. v. Maui Police Dept.*, 27 F.3d 1091 (9th Cir. 1091)). Sanctionable conduct under the Court's inherent authority includes that "which abuses the judicial process," *id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)), and "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith," *id.* (quoting *Fink v. Gomez*, 255 F.3d 989, 994 (9th Cir. 2001)). "A court's exercise of its inherent sanctioning power is appropriate when there has been 'willful disobedience of [a] court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Id.* (quoting *Primus Auto. Fin. Servs. Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997)).

This Court's December 7, 2023 Order provides that "motions to dismiss pursuant to Fed. R. Civ. P. 12(b) . . . are discouraged if the defect that would be the subject of the motion can be cured by filing an amended pleading." (Doc. 9, at 1). The Order provides that "the parties must meet and confer prior to the filing of a motion to dismiss or motion to strike to determine whether it can be avoided." (*Id.*)

## II.   TRACKMAN IS ENTITLED TO A FEE AWARD.

TrackMan is entitled to recover its attorneys' fees for having to file the Motion to Dismiss despite its repeated attempts to confer with Plaintiff's counsel and resolve the

1   matter in order to avoid the need for motion practice.

2           Plaintiff's initial Complaint for patent infringement against TrackMan was defective. The Complaint did not plead infringement of any patent that Plaintiff owned, and Plaintiff lacked standing.  (Doc. 14, at 4-5.)  TrackMan raised this defect with Plaintiff and offered Plaintiff the opportunity to amend the Complaint, on consent, pursuant to Federal Rule of Civil Procedure 15(a)(2).  (Doc. 14, at 2; Doc. 14-1, Ex. A (Jan. 23, 2024 email from S. Weingaertner)).  Plaintiff refused to agree to amend, despite TrackMan's repeated requests, and despite the fact that the amendment would not be burdensome.  (Doc. 14, at 2; Doc. 14-1, Exs. A, B, C.)  As a consequence, TrackMan was required to incur the time and expense of preparing and filing a Motion to Dismiss (Doc. 14) that was entirely avoidable.  After TrackMan filed its Motion, Plaintiff filed an Amended Complaint (Doc. 16) but no response to the Motion.

        Plaintiff's conduct was reckless, which itself is sufficient for the Court to impose sanctions under 28 U.S.C. § 1927.  *See Rooter Hero Phoenix*, 2023 WL 399799, at *2.  Plaintiff's conduct also was in bad faith or tantamount to bad faith, as Plaintiff willfully disobeyed the Court's December 7, 2023 Order (Doc. 9) by failing to meet and confer in good faith and to avoid motion practice where the defect in the Complaint could have been easily cured by filing an amended pleading.  *See id.*

        The explanation offered by Plaintiff's counsel (Doc. 22, 22-2) is not credible.  TrackMan was clear from the start what it proposed—that Plaintiff amend its Complaint on consent to cure the defective pleading in order to avoid motion practice.  (Doc. 14-1, Exs. A, B, C.)  The defective pleading was the only basis that TrackMan raised as grounds for the Motion to Dismiss, and TrackMan gave Plaintiff no reason to believe that the Motion to Dismiss would assert any other defenses.  (Doc. 14-1, Ex. A (Jan. 23, 2024 email from S. Weingaertner); Doc. 14-1, Ex. B (Feb. 11, 2024 email from D. Funkhouser)).  Despite repeated requests, Plaintiff did not agree to amend.

        The statement by Plaintiff's counsel that "I was under the impression that Defendant would be filing an answer denying infringement" instead of the Motion to Dismiss (Doc.

3

22-2 ¶ 4) is not credible either.  TrackMan explained exactly what it would do: "please let us know by no later than noon MST tomorrow, February 12, 2024, as to whether you will so amend.  If not, we will proceed to file the Motion to Dismiss . . . ." (Doc. 14-1, Ex. B (Feb. 11, 2024 email from D. Funkhouser)).

Plaintiff states that it "accepts complete responsibility," "[n]o excuses." (Doc. 22, at 2.)  If so, Plaintiff should pay the attorneys' fees it forced TrackMan to incur.

### III.   TRACKMAN'S REQUESTED FEE AWARD IS REASONABLE.

TrackMan's requested fee award is reasonable.  TrackMan requests a total of $17,157.00, which is the sum of $5,542.00 incurred by local counsel Spencer Fane LLP and $11,615.00 incurred by lead counsel Goodwin Procter LLP.

The basis for TrackMan's fee request is set forth in the Declarations and the task-based itemized statements of attorneys' fees submitted with this Statement.  The fees are calculated on the basis of the attorneys' hourly rates and the time worked in preparing the Motion to Dismiss and this Statement of Attorneys' Fees.  (Funkhouser Decl. ¶ 10; Weingaertner Decl. ¶ 12.)  The attorney rates charged are reasonable, and the hours worked were actually, reasonably, and necessarily incurred.  (Funkhouser Decl. ¶¶ 8-9, 12, 14; Weingaertner Decl. ¶¶ 10-11, 14, 16.)  TrackMan has agreed to pay these fees to its counsel. (Funkhouser Decl. ¶¶ 7, 13; Weingaertner Decl. ¶¶ 9, 15.)

### IV.   CONCLUSION

TrackMan respectfully requests that the Court issue an Order granting TrackMan's request for an award of attorneys' fees and ordering Plaintiff or Plaintiff's counsel to pay the requested attorneys' fees totaling $17,157.00.

DATED this 8th day of March, 2024.

**SPENCER FANE LLP**

*s/ David E. Funkhouser III*
David E. Funkhouser III
Jessica A. Gale

**GOODWIN PROCTOR LLP**

*s/ Scott T. Weingaertner*
Scott T. Weingaertner
Stefan Mentzer
Timothy Keegan

*Attorneys for Defendant TrackMan, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2024, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

*s/ Courtney Ryan*