**SPENCER FANE LLP**
David E. Funkhouser III, Esq., Bar No. 022449
Jessica A. Gale, Esq., Bar No. 030583
2415 E. Camelback Road, Suite 600
Phoenix, AZ 85016-4251
Telephone: (602) 333-5451
Facsimile: (602) 333-5431
Email:  dfunkhouser@spencerfane.com
          jgale@spencerfane.com

**GOODWIN PROCTER LLP**
Scott T. Weingaertner, Esq. *(admitted pro hac vice)*
Stefan Mentzer, Esq. *(admitted pro hac vice)*
Timothy Keegan, Esq. *(admitted pro hac vice)*
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 202-6268
Email: SWeingaertner@goodwinlaw.com
Email: SMentzer@goodwinlaw.com
Email: TKeegan@goodwinlaw.com

*Attorneys for Defendant TrackMan, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TrackMan, Inc.,<br><br>Defendant. | Case No. 2:23-cv-02518-JJT<br><br>**DECLARATION OF SCOTT T. WEINGAERTNER IN SUPPORT OF DEFENDANT TRACKMAN, INC.'S STATEMENT OF ATTORNEYS' FEES**<br><br>(Assigned to the Hon. John J. Tuchi) |

      Pursuant to L.R. Civ. 54.2, 28 U.S.C. § 1746, and the Court's February 27, 2024 Order (Doc. 20), I, Scott T. Weingaertner, declare under penalty of perjury that the following is true and correct:

      1.    I am over the age of 18 years and am, in all respects, competent to make this Declaration. I have personal knowledge of the matters and facts set forth in this Declaration and, if sworn as a witness, am competent to testify about them.

      2.    I am an attorney duly licensed to practice in the State of New York. I am a

1  partner with the law firm of Goodwin Procter LLP in New York, New York.  I offer this
2  Declaration in support of Defendant TrackMan, Inc.'s Statement of Attorneys' Fees
3  submitted pursuant to the Court's Order dated February 27, 2024 (Doc. 20).

4      3.    I am a graduate of the University of Pennsylvania Law School.  I have been
5  admitted to practice in New York since 1993.  I also am a member of the U.S. patent bar,
6  registered in 1994.

7      4.    I have specialized in intellectual property litigation for more than 30 years.
8  During my career, I have served as lead counsel in a number of complex patent and other
9  intellectual property and commercial disputes, including for Google in litigation brought by
10 Oracle accusing Google's Android mobile platform of infringement, for LG Electronics in
11 TRO and PI proceedings against a licensor or audio technology, and in patent infringement
12 litigation against Cisco Systems involving multi-factor network authentication technology.
13 A true and correct copy of my professional biography is attached to this Declaration as part
14 of **Exhibit A**.

15     5.    My current billing rate in this matter is $925 per hour, which is a significant
16 discount from my standard hourly rate.

17     6.    Another attorney at Goodwin Procter, Timothy Keegan, works on this case
18 under my direction, as indicated below.  Mr. Keegan is an associate at our firm, and it was
19 necessary to work with him to accommodate my own work commitments and conflicts on
20 other cases.  We divided responsibilities to minimize any duplication of effort.  In those
21 instances where some amount of duplication was inevitable, I made appropriate revisions
22 to the bills, so that the client was not charged for any duplication.

23     7.    Mr. Keegan is an attorney licensed in New York.  He graduated from New
24 York University School of Law and has been admitted to practice in New York since 2020.
25 Mr. Keegan works on intellectual property and civil litigation matters.  A true and correct
26 copy of Mr. Keegan's professional biography is attached to this Declaration as part of
27 **Exhibit B**.

28     8.    Mr. Keegan's billing rate in this matter is $750 per hour, which is a significant

1  discount from his standard hourly rate.  Mr. Keegan's responsibilities and billing rate reflect his training, experience, and skill.

9. TrackMan has agreed to pay Goodwin Procter's hourly billing rates.

10. The billing rates reflected above are lower than the hourly rates the firm customarily charges clients for work performed by the specified attorneys.

11. Goodwin Procter considers its billing rates to be reasonable, given due consideration to the legal professionals' abilities, training, education, experience, skill and professional standing, the intricacy and difficulty of the work performed, the time and skill required, the responsibility imposed, and the result obtained.  I believe that Goodwin Procter's rates are reasonable and are consistent with the hourly rates current prevailing in the community for similar work in civil litigation cases.

12. The Itemized Statement of Fees, attached as **Exhibit C** to this Declaration, is a detailed chronological breakdown of the legal services provided and the time spent in connection with the Motion to Dismiss (Doc. 14) and Defendant's Statement of Attorneys' Fees.  Counsel for TrackMan submits this information in an effort to recover the attorneys' fees TrackMan expended in preparing the Motion to Dismiss and Defendant's Statement of Attorneys' Fees.  In order to do so, it must provide detailed descriptions of the legal services that it provided.  *See Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 188 (App. 1983). Counsel for TrackMan is not intentionally waiving any attorney/client or work product privilege by submitting Goodwin Procter's time entries in relation to this matter, which are kept in the usual course of business. These billing statements were in turn compiled from the daily time records of the individual attorneys involved, which were kept contemporaneously with the services provided.

13. I have reviewed the timekeeping and billing records maintained by the firm in the ordinary course of its business that pertain to this matter.  During the course of this representation, I reviewed the billings to TrackMan on a monthly basis and, if appropriate, wrote off fees attributable to any time that was not productively spent on TrackMan's behalf.

14. In my opinion, the services set forth in the Statement were actually, reasonably, and necessarily incurred. None of the time included in the Statement was wasted, inappropriate, or unnecessary. For that reason, and the reasons set forth in Defendant's Statement of Attorneys' Fees, TrackMan seeks an award of $11,615 in attorneys' fees related to the fees incurred by Goodwin Procter.

15. Based upon its fee agreement with Goodwin Procter, TrackMan has agreed to pay the total charges for the itemized services set forth in Exhibit C.

16. In my opinion, the attorneys' fees for services requested in this Declaration totaling $11,615 were reasonably and necessarily expended and are reasonable in amount.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of March, 2024.

*s/ Scott T. Weingaertner*
_____
Scott T. Weingaertner

# EXHIBIT A



# Scott Weingaertner

Partner

**New York**                                                                                                    +1 212 459 7067

Scott Weingaertner is a partner in Goodwin's IP Litigation group. He joined the firm in 2023.

Scott has focused his 30 year career on helping clients navigate their most challenging technology and life sciences disputes. He has led teams that have prevailed in some of the most significant technology cases and appeals, leveraging his teams' ability to develop and successfully execute on cutting edge positions, often breaking new legal ground when clients faced existential business risk or major upside opportunities, while creating or preserving business assets worth many billions of dollars.

Recognizing that technology and science evolve quickly, Scott and his colleagues work hard to avoid silos and instead collaborate across practice disciplines. He frequently assembles multi-disciplinary teams capable of identifying and exploiting theories that emerge at the interface of differing legal fields, including antitrust, contract law, IP law and business tort law, both in technology and life sciences disputes.

## EXPERIENCE

The disputes Scott litigates and advises on frequently involve him and his team gaining an intimate understanding of sophisticated technology and science, as well as a deep grasp of our clients' industries and business ecosystems. Some of the winning results he and his colleagues have achieved together are set out below:

- Led the team that served as litigation and trial counsel for Google in the landmark patent and copyright case brought by Oracle accusing Google's Android mobile platform of infringing IP directed to the Java software platform. Scott led defenses that achieved a complete victory on all patent counts, a result which was not appealed, and his team won multiple Daubert motions striking Oracle's damages expert reports multiple times and successfully averting over $6B in damages (the only payments were by Oracle compensating Google for its subsequent responsive damages reports and Daubert motions, as ordered by the court). The effort Scott led secured a complete successful defense of the Android platform from its most significant patent attack and was a rare successful challenge to the Java licensing program that preserved crucial competition in the mobile phone space*

- As lead trial counsel to one of the world's largest consumer electronics companies, Scott led a team in filing a successful emergency lawsuit, seeking a TRO and PI against the primary licensor of audio technology regarding its abusive licensing practices and related threats. The team pleaded violations of Section 2 of the Sherman Act, breach of contract, tortious interference and other causes of action, in response to which our adversary hired two of the nation's leading firms to defend it, yet within a matter of weeks settled on very favorable terms for our client and keeping billions of dollars of products on the market*

- Secured a complete victory on summary judgment for Abiomed, the sole developer of implantable heart pumps, following a remarkably successful claim construction result in the lead litigation of two multi-patent cases brought against it by Maquet Cardiovascular, targeting targeting Abiomed's sole product line. With this victory, combined with a subsequent decisive win on claim construction in the second of the two actions, Scott's team lifted the threat against the product line, clearing the way for a $16.6 billion dollar acquisition of the company by Johnson & Johnson*

- As lead trial and appellate counsel to the company that invented multi-factor network authentication, secured at the U.S.

Court of Appeals for the Federal Circuit a rare reversal of a dismissal under 35 U.S.C. Sec. 101, which Law 360 identified as one of the leading patent law wins of the year*

- As lead counsel for Biotronik in a case targeting cardiovascular devices, Scott's team successfully secured dismissal of a case in the U.S. District Court for the Western District of Texas, in favor of a case pending in the plaintiff's home court of the Northern District of Georgia*

- Defended a leading Asia-based biosimilars company and represented it in one of the earliest multi-party BPCIA cases in Delaware, guiding the client through its first ever U.S. patent litigation*

- As leader of a team representing a U.S.-based pharmaceutical company in a dispute with a major university based in the United Kingdom on issues of contract law and inventorship*

- On behalf of a leading insurtech company facing an attempt by a European competitor to clone the client's business model and outmaneuver it in the market, Scott assembled a team that brought a software copyright case on short notice, leading the adversary to dismiss its counsel, hire prominent new trial counsel and quickly (and cost effectively) voluntarily cease its attempts to copy our client's business*

- Took over the defense of Motorola as lead counsel, as well as leader of a large joint defense group late in the case, opposing a well-known industry wide enforcement action. Scott's team quickly took discovery the joint defense group had overlooked, deposed the inventor for two full days, and filed a summary judgment of non-infringement and inequitable conduct, which allowed Motorola to secure a highly favorable result for his client and, eventually, for several prominent video game developers that marketed apps running on Android*

- Led a cross-disciplinary team in an arbitration in London of a license dispute on behalf of a Swiss-based operating system developer against Oracle, in which Oracle engaged in abusive licensing practices regarding the Java Platform. The team Scott led asserted breach of contract and copyright infringement causes of action, as well as violations of FRAND commitments. After two vigorously argued hearings before the arbitral tribunal, the team Scott led successfully overturned, before the Ninth Circuit Court of Appeals, a district court's attempt to hear the case despite the terms of the Java arbitration clause. The team he led also and successfully secured antisuit injunctions against Oracle's attempts to sue our client for copyright infringement in district court, and secured a favorable settlement for our client, believed to be one of only three successful challenges to the Java Platform licensing program*

*\* Denotes experience prior to joining Goodwin.*

## AREAS OF PRACTICE

Business & Commercial Litigation

- Pharmaceuticals

Intellectual Property

- Healthcare

Technology

- Fintech

Patent Litigation

## PROFESSIONAL EXPERIENCE



Scott was previously a partner at White & Case LLP. Earlier in his career, he served as senior in-house counsel for a large European corporation, responsible for all IP issues for a number of large subsidiaries.

## CREDENTIALS

### Education

**JD, 1992**

University of Pennsylvania Law School

**SB, SM, 1987**

Massachusetts Institute of Technology

**1982**

United States Air Force Academy

### Admissions

**Bars**

- New York
- U.S. Patent and Trademark Office (USPTO)

**Courts**

- U.S. District Court for the Southern District of New York
- U.S. District Court for the Eastern District of Texas
- U.S. Court of Appeals for the Federal Circuit
- U.S. Court of Appeals for the Ninth Circuit
- U.S. Court of Federal Claims

## RECOGNITION & AWARDS

- Leading Lawyer, IAM Strategy 300 – The World's Leading IP Strategists – 2017, 2018, 2019
- IAM Patent 1000 2017 described Scott as someone who "wins cases by being on top of the facts and by knowing the law better than the other side. He is a very intelligent lawyer and really puts his clients first"
- Best Lawyers 2017, Litigation – Patent
- Leading Lawyer, IAM Patent 1000 – 2016, 2017, 2018, 2019
- Managing IP Law, Milestone Case of the Year 2013

## PUBLICATIONS



- Panelist and Speaker, "Exploring the Things in the Internet of Things:  Implications for Business, Consumers, and the Law," New York Law School, February 3, 2017
- Co-Author, "Patent Law in 2016: Seeing Clarity in the Wake of Reform," Practising Law Institute 11th Annual Patent Law Institute, March 2017
- Co-Author, "Supreme Court & Federal Circuit Tip the Patent Scales in 2014," Practising Law Institute 9th Annual Patent Law Institute, February 2015
- Co-Author, "Licensors face new challenges after the US Supreme Court's decision in MedImmune v. Genentech," International Journal of Technology Transfer and Commercialisation, 2009
- Co-Author, "Software Exportation Dodges Bullet: US Supreme Court Reins in Extraterritorial Effect of US Software Patents in Microsoft v. AT&T," European Intellectual Property Review, November 11, 2008
- Co-Author, "Rendezvous with Obviousness: US Supreme Court Reckons with Patentability in KSR InternationalCo. v. Teleflex Inc. and Lower Courts React," European Intellectual Property Review, July 7, 2008
- Co-Author, "US Supreme Court Holds That Patent Licensee Need Not Repudiate License Before Challenging Licensed Patent in Court: MedImmune, Inc. v. Genentech, Inc.," European Intellectual Property Review, July 2007
- Co-Author, "US Supreme Court Rules on Permanent Injunctions in Cases of Patent Infringement: eBay v MercExchange," European Intellectual Property Review, September 2006
- Contributor, "New Patent Cases Raise Fundamental Legal Issues," IP Law 360, May 15, 2006



# EXHIBIT B





# Timothy Keegan

Associate

**New York**                                                                                                    +1 646 296 1411

Tim Keegan is an associate in Goodwin's Intellectual Property Litigation practice. Tim litigates complex civil and intellectual property matters for a wide range of clients.

His areas of focus include patent, trade secret, copyright, trademark, unfair competition, licensing disputes, and platform liability, and he regularly advises clients on managing IP-related risks.

Tim has extensive experience in federal court litigation and appeals, and he has practiced in proceedings before the Patent Trial and Appeal Board, the Trademark Trial and Appeal Board, the International Trade Commission, and the U.S. Patent and Trademark Office. He has also successfully litigated for clients in WIPO UDRP proceedings.

## EXPERIENCE

- Representing a medical device company in trade secret misappropriation and patent infringement lawsuit
- Representing a data security and cybersecurity firm in patent litigation concerning multi-factor authentication
- Representing cybersecurity intelligence firm BitSight in patent and false advertising litigation
- Representing a startup building artificial intelligence models for the healthcare industry in trademark infringement lawsuit
- Representing a technology company specializing in golf simulator technology in copyright infringement and breach of contract lawsuit
- Represented a mortgage loan provider in trademark infringement litigation following appeal of WIPO UDRP proceeding
- Represented Pfizer in litigation against Merck concerning alleged misappropriation of trade secrets and confidential business information in the development of multi-conjugate pneumococcal vaccines*
- Represented LG Electronics in a complex commercial litigation brought on an emergency basis regarding SEP/FRAND, IP licensing, and competition law disputes, rapidly resulting in a settlement on favorable terms for our client*
- Represented market research firm Nielsen Consumer LLC in trade secret litigation concerning data collection and analytics and a related, successful appeal before the United States Court of Appeals for the Second Circuit*
- Client secondment to Pinterest, Inc. as IP & Content Counsel, focusing on copyright and trademark issues and platform liability*
- Represented Abiomed in a patent infringement dispute regarding the company's core product, the Impella® line of heart pumps. After a favorable Markman ruling, the Court granted summary judgment of non-infringement, giving Abiomed a complete victory and clearing the way for the company's $16.6 billion acquisition by Johnson & Johnson*
- Represented India-based vehicle manufacturer in appeal of ITC's Section 337 trade dress infringement determinations. The Federal Circuit ruled that Mahindra's redesigned vehicle did not infringe the claimant's claimed trade dress in "jeep" vehicles, giving the client a significant win and allowing it to continue importing its products into the U.S.*

- Defended wildlife preservation non-profit, which advocates for the relisting of gray wolves on the federal endangered species list, against a plaintiff that claimed to own trademark rights in the term #RelistWolves. Won dismissal in Montana of plaintiff's complaint on personal jurisdiction grounds and denial in Idaho of plaintiff's motion for a preliminary injunction*
- Represented audio technology innovator in multi-patent litigations against various car manufactures and defending the patents against IPR petitions challenging the validity of the asserted patents*
- Represented Walmart Inc. in various copyright infringement cases*

*Denotes experience prior to joining Goodwin.*

## AREAS OF PRACTICE

Patent Litigation

Copyrights

Trademarks

- Trade Secrets, Employee Mobility & Non-Competes
- Intellectual Property

## PROFESSIONAL EXPERIENCE

Prior to joining Goodwin, Tim was an associate at White & Case LLP and, before, served as Secondee – IP & Content Counsel at Pinterest, Inc.

During law school, Tim served as an Executive Editor for the Journal of Law & Business.

## CREDENTIALS

### Education

**JD, 2019**

NYU School of Law
(cum laude, Robert McKay Scholar)

**BS, Business Administration, 2016**

Binghamton University



| Admissions | Bars | Courts |
|---|---|---|
| | - New York | - U.S. District Court for the Southern District of New York<br>- U.S. Court of Appeals for the Second Circuit |

## RECOGNITION & AWARDS

In 2021, Tim was awarded the New York County Lawyers' Associate Pro Bono Award.

While in law school, Tim was awarded the Jack J. Katz Memorial Award, awarded to the student who demonstrated the highest excellence in the field of entertainment and intellectual property law.

## PUBLICATIONS

Tim's publications include:

- Co-author, "The Art of AI: Protected by Copyright Law or Up for Grabs?," Goodwin Insight, August 24, 2023
- Co-author, "MetaBirkins Post-Trial Ruling Clarifies Line Between Trademark Infringement and Free Expression and Grants Broad Injunctive Relief," Goodwin Client Alert, June 28, 2023



# EXHIBIT C

**EXHIBIT C**
**Itemized Statement of Goodwin Procter Attorneys' Fees for Defendant TrackMan, Inc.**

| Matter | Work Date | Timekeeper Name | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 399173 | 2/9/2024 | Scott Weingaertner | Attention to and confer with T. Keegan regarding preparation of motion to dismiss. | 0.50 | 925.00 | $ 462.50 |
| 399173 | 2/9/2024 | Tim Keegan | Conference regarding potential motion to dismiss (0.5); draft motion to dismiss (0.2). | 0.70 | 750.00 | $ 525.00 |
| 399173 | 2/10/2024 | Scott Weingaertner | Attention to, and communications with T. Keegan and with local counsel regarding motion to dismiss (0.8); draft motion to dismiss and supporting papers, including declaration and certification statement (2.0). | 2.80 | 925.00 | $ 2,590.00 |
| 399173 | 2/10/2024 | Tim Keegan | Draft motion to dismiss complaint (2.9); correspondence with S. Weingaertner re meet-and-confer requirement (0.3). | 3.20 | 750.00 | $ 2,400.00 |
| 399173 | 2/11/2024 | Scott Weingaertner | Coordinate with local counsel re final outreach to opposing counsel and further with respect to draft briefing. | 0.90 | 925.00 | $ 832.50 |
| 399173 | 2/11/2024 | Tim Keegan | Revise motion to dismiss complaint. | 0.90 | 750.00 | $ 675.00 |
| 399173 | 2/12/2024 | Scott Weingaertner | Attention to finalizing and filing of motion to dismiss and coordination with team and local counsel re same. | 0.80 | 925.00 | $ 740.00 |
| 399173 | 2/12/2024 | Tim Keegan | Revise and coordinate filing of draft motion to dismiss complaint and accompanying certification, declaration. | 2.30 | 750.00 | $ 1,725.00 |
| 399173 | 2/28/2024 | Scott Weingaertner | Review court's order to show cause, and attention to strategy and timing issues with respect to court show-cause order, amended complaint | 0.50 | 925.00 | $ 462.50 |
| 399173 | 3/4/2024 | Scott Weingaertner | Attention to initial review of draft Funkhouser declaration as to fees of Spencer Fane in connection with motion to dismiss and this response to court order | 0.30 | 925.00 | $ 277.50 |
| 399173 | 3/5/2024 | Scott Weingaertner | Further attention to Funkhouser declaration Spencer Fane fees in connection with motion to dismiss and response to court order; preparation of my declaration in support of fee request and in further response to court order | 0.40 | 925.00 | $ 370.00 |
| 399173 | 3/6/2024 | Scott Weingaertner | Attention to my draft declaration as to fees in connection with motion to dismiss and this response to court order | 0.60 | 925.00 | $ 555.00 |
| | | | | 13.90 | | $ 11,615.00 |