Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:   202-257-3720
E-mail:       ken@motosalaslaw.com

Christopher A. Honea (TX Bar No. 24059967) (*pro hac vice*)
Randall Garteiser (TX Bar No. Texas Bar No. 24038912) (*pro hac vice*)
M. Scott Fuller (TX Bar No. 24036607)(*pro hac vice*)
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
chonea@ghiplaw.com
rgarteiser@ghiplaw.com
mfuller@ghiplaw.com
*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Wyoming Intellectual Property Holdings, LLC, | Case No. 2:23-cv-02518-JTT |
|---|---|
| Plaintiff, | **PLAINTIFF WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| v. | |
| Trackman, Inc., | |
| Defendant. | |

i

## TABLE OF CONTENTS

I. DISPOSITION OF THIS ISSUE AT THE PLEADING STAGE IS INAPPROPRIATE ....... 1

**II. THE PATENT CLAIMS ARE PATENT ELIGIBLE UNDER 35 U.S.C. § 101** ................... 3

    A.    *Alice* Step One – The Claims are Not Directed to an Abstract Idea ................................. 5

    B.    *Alice* Step Two – The Patent Claims Include an Inventive Concept ................................ 8

**III. CLAIM CONSTRUCTION** ........................................................................................................ 8

IV. CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121 (Fed. Cir. 2018) ................ 1, 2

*Accenture Global Servs., GMbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1344-45 (Fed. Cir. 2013) ............................................................................................................................................. 7

*Alice v. CLS Bank*, 573 U.S. 208 (2014) ........................................................................... 2, 4, 6, 7

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,* 841 F.3d 1288, 1300 (Fed. Cir. 2016) ...................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 10

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012) .................................................................................................................................... 1, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) ......................................................... 10

*Gottschalk, Acting Commissioner of Patents v. Benson, et al.*, 409 U.S. 63, 64 (1972) ................. 7

*Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ................................................ 1, 2, 5

*Bilski v. Kappos*, 561 U.S. 593, 611 (2010) .................................................................................. 7

*Bozeman Fin. LLC v. Fed. Reserve Bank of Atlanta*, 955 F.3d 971, 980 (Fed. Cir. 2020) ............... 9

*BuySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) ........................................... 7

*Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) ..................................... 2, 3

*DDR Holdings, LLC v. Hotels.com LP*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) ........................... 7, 8

*GreatGigz Solutions, LLC v. East Texas Border Health Clinic d/b/a Genesis Primecare,* Case No. 2:21-cv-00370-JRG, Dkt. No. 29 (June 28, 2022 E.D. Tex.) ....................................................... 9

*In re TLI Communications*, 87 F. Supp. 3d 773, 785 (E.D. Va. 2015) .......................................... 6

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ............................................... 2

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) ................. 2

*Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011) ........................................................... 2

*Milliman, Inc. et al. v. Gradient A.I. Corp., et al.*, 1:21-cv-10865, Dkt. No. 43 (D. Mass. March 11, 2022) ......................................................................................................................................... 2

*MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) ............................................. 1

| | |
|---|---|
| 1 | *Northwestern University v. Universal Robots A/S et al.*, No. 1:21-cv-00149, Dkt. No. 34 (D. Del. |
| 2 | March 28, 2022) ........................................................................................................................2 |
| 3 | *PPS Data LLC v. Jack Henry & Assoc., Inc.,* 404 F.Supp.3d 1021, 1039 (E.D. Tex. 2019) ........4, 5 |
| 4 | *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, 2020 WL 278481 at *4 (W.D. Tex. Jan. 10, |
| 5 | 2020) ........................................................................................................................................3 |
| 6 | *SRI Int'l, Inc. v. Cisco Sys., Inc.,* 930 F.3d 1295, 1304 (Fed. Cir. 2019)............................................4 |
| 7 | *TecSec, Inc. v. Adobe, Inc.,* 978 F.3d 1278, 1292-93 (Fed. Cir. 2020)...............................................5 |
| 8 | *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361-62 (Fed. Cir. 2023) .......................6 |
| 9 | *Trustees of Columbia University in the City of New York v. Nortonlifelock, Inc.*, 3:13-cv-00808, |
| 10 | Dkt. No. 718 (E.D. Va. February 2, 2022).............................................................................2 |
| 11 | *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014)...........................................6, 7 |
| 12 | *Voxer, Inc. and Voxer IP LLC v. Facebook, Inc. and Instagram LLC*, 1:20-cv-00655, Dkt. No. 236 |
| 13 | (W.D. Tex. February 15, 2022)................................................................................................2 |
| 14 | *Westwood One, LLC v. Local Radio Networks, LLC*, 1:21-cv-00088, Dkt. No. 45 (N.D. Ind. |
| 15 | January 21, 2022)....................................................................................................................3 |

Plaintiff Wyoming Intellectual Property Holdings, LLC ("Plaintiff" or "WIPH") respectfully submits this Brief in Opposition to Defendant's Motion to Dismiss the First Amended Complaint [Dkt. No. 29] ("Defendant's Motion"). As will be shown in greater detail herein below, Defendant's Motion lacks merit and should be summarily denied.

## I.   DISPOSITION OF THIS ISSUE AT THE PLEADING STAGE IS INAPPROPRIATE

First and foremost is the obvious fact that this issue is presented to the Court at the pleading stage. As such, the Court is left with zero developed record from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art **as of February 17, 2013**, not to mention a lack of familiarity with the disclosures and an absence of claim construction. The Asserted Claim here cannot and should not be summarily invalidated when there are *factual disputes* relating to the non-abstract nature of the Asserted Claim and the existence of an inventive concept. For example, Defendant fails to meet its burden to deny the factual basis in Plaintiff's First Amended Complaint [Dkt. No. 16] ("Amended Complaint") as to "whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field," which is a question of fact that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

Recent Federal Circuit jurisprudence has hampered courts' authority to issue ineligibility determinations at a case's earliest stages. For example, the Federal Circuit has recognized that resolution of section 101 motions is inappropriate until after claim construction. *See, e.g.*, *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019); *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012). The Federal Circuit has also recognized that deciding Rule 12(b)(6) motions invoking section 101 requires factual presumptions favoring non-movants.

At the pleading stage, the Court is required by law not only to accept all factual allegations in the operative complaint as true, but also to draw all reasonable inferences in the patentee's favor. For example, In *Aatrix Software, Inc. v. Green Shades Software, Inc.*,

1

the Federal Circuit acknowledged how factual issues undergird both *Alice* steps. 882 F.3d 1121 (Fed. Cir. 2018) (*citing Alice v. CLS Bank*, 573 U.S. 208 (2014)). Because a court considering a Rule 12(b)(6) motion must accept a complaint's factual allegations as true, a complaint or counterclaim can recite concrete allegations regarding *Alice*'s underlying factual issues to guard its asserted patents from an early ineligibility determination. *See id.* at 1128; *see also Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (describing presumptions favoring non-movants in this Circuit); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) ("In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.").

When the complaint contains concrete allegations that "the inventions as claimed were novel, non-obvious, unconventional, and non-routine," the asserted patent can survive a Rule 12(b)(6) motion at *Alice* step two. *Aatrix*, 882 F.3d at 1128. Thus, accused infringers invoking section 101 in a Rule 12(b)(6) motion face an uphill battle.

It is now well established that patents are presumed valid. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011). Overcoming that presumption demands clear and convincing evidence, even in the eligibility context. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). Indeed, any fact "pertinent to the invalidity conclusion must be proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Plaintiff has not overcome these procedural obstacles.

Indeed, courts across the country have denied Rule 12(b)(6) and Rule 12(c) motions based on § 101 at the pleading stage. *See, e.g., Northwestern University v. Universal Robots A/S et al.*, No. 1:21-cv-00149, Dkt. No. 34 (D. Del. March 28, 2022); *Milliman, Inc. et al. v. Gradient A.I. Corp., et al.*, 1:21-cv-10865, Dkt. No. 43 (D. Mass. March 11, 2022); *Voxer, Inc. and Voxer IP LLC v. Facebook, Inc. and Instagram LLC*, 1:20-cv-00655, Dkt. No. 236 (W.D. Tex. February 15, 2022); *Trustees of Columbia University in the City of New York v. Nortonlifelock, Inc.*, 3:13-cv-00808, Dkt. No. 718 (E.D. Va. February 2, 2022); *Westwood*

2

*One, LLC v. Local Radio Networks, LLC*, 1:21-cv-00088, Dkt. No. 45 (N.D. Ind. January 21, 2022).

## II. THE PATENT CLAIMS ARE PATENT ELIGIBLE UNDER 35 U.S.C. § 101

Defendant's Motion raises the now customary boilerplate argument that all claims in the Asserted Patent ("Patent Claims") are invalid because they allegedly fail to recite patent-eligible subject matter. Defendant's Motion is premised on a gross oversimplification of the Patent Claims and the underlying premise that virtually no invention remotely relating to systems for training and/or instruction can be patent eligible. Accordingly, Defendant's Motion fails on the merits and should be denied.

As the Court is well-aware, the Patent Claims are presumptively novel and non-obvious, presumptively drawn to patent-eligible subject matter, and presumptively properly examined and allowed by the Examiner(s) at the United States Patent Office. *See, e.g., Cellspin Soft, Inc. v. Fitbit, Inc., et al.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). Further, at the pleading stage, the Court is required by law not only to accept all factual allegations in the operative Complaint as true, but also to draw all reasonable inferences in the patentee's favor. *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, 2020 WL 278481 at *4 (W.D. Tex. Jan. 10, 2020). Here, just as in the *Cellspin* case, the Complaint contains a multitude of specific and plausible statements of fact establishing the non-abstract nature of the Patent Claims.

> The Amended Complaint alleges that, as of the Date of Invention in February 2013:
>> [T]he inventions as claimed were novel, non-obvious, *unconventional, and non-routine*. (emphasis added).
>
> *See* Dkt. No. 16 at page 4, ¶ 12.
>
> The '671 Patent teaches systems and methods for identifying a difference between an actual action of a user and a standard action for the user, and for producing an instruction to instruct the user to change from the action of the user to the standard action for the user. The systems and methods of the '671 Patent can be used to monitor how a golfer swings his or her golf club, automatically compare the golfer's swing against a preferred

3

> golf swing (such as the swing of a professional golfer), and produce an instruction to the golfer.
> *See* Dkt. No. 16 at page 4, ¶ 14.

The facts as plead are plainly relevant to the presence of inventive concepts captured in the Patent Claims. These *specific* factual allegations in the Amended Complaint provide a basis in fact to conclude that the Patents Claims are indeed patent-eligible. These specific factual allegations, as well as the written specification of the Asserted Patent, define benefits and technological improvements captured in the Patent Claims over the prevailing art as of February 2013. For example, the written specification of the Asserted Patent states the following with regards to the "instruction" that is produced by the claimed "instruction component:"

> As has been suggested, instruction **160** can involve more than defining the differences, *but also describe aspects not necessarily directly related to, in contact with, or the focus of a particular technique*. By way of example, a less experienced golfer may myopically view the end result of a swing to be purely a product of arm motion. However, the starting position, end position, and motion between both for head, shoulders, hips, legs and feet can be influential. In this regard, *a golfer's movement can be carefully tracked and statistical analysis applied to inputs and outputs at different stages of motion on different portions of the body to determine the changes that can be implemented to more accurately emulate a desired form*. (emphasis added).
> *See* Asserted Patent 4:47-59.

Thus, the Patent Claims are patent-eligible. *See PPS Data LLC v. Jack Henry & Assoc., Inc.*, 404 F.Supp.3d 1021, 1039 (E.D. Tex. 2019) ("when the claimed technology overrides the routine and conventional sequence of events in order to provide a technological benefit, it is eligible at *Alice* Step Two") (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1304 (Fed. Cir. 2019). Stated differently, claims such as these include an inventive concept when they provide a technological solution to a technological problem. *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1300 (Fed. Cir. 2016).

In *Berkheimer*, the Court of Appeals fully credited the specification's disclosure of the state of the art, as well as its recitation of improvements over the art, as sufficient to create fact issues precluding summary judgment, as long as such were captured in the claims. *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1369 (Fed. Cir. 2018); *see also PPS Data,* 404 F.Supp.3d at 1040-41 ("The Federal Circuit routinely relies on factual assertions in patent specifications not only as *some* evidence, but *conclusive* evidence of inventiveness") (emphasis added). Of course, the benefits of the inventions, as noted in the Amended Complaint, are conferred due to the inventive concepts as claimed, as opposed to the mere practice of the "abstract idea" suggested by Defendant of "teaching how to perform actions." Plaintiff's Motion at 8.

Again, the specific factual allegations in the Amended Complaint are drawn directly from the intrinsic record of the written specification, and explain how the Patent Claims capture unconventional technological improvements over the art. As such, they can be considered as conclusive evidence of the facts as stated. *Berkheimer,* 881 F.3d at 1369; *PPS Data,* 404 F.Supp.3d at 1040-41.

Plaintiff's Motion cannot overcome the factual assertions in the Amended Complaint and the factual assertions derived directly from the written specification, and therefore should be denied.

### A.    *Alice* Step One – The Claims are Not Directed to an Abstract Idea

At the Step One phase, the proper approach is to determine what the Patent Claims are "directed to" by evaluating what the patent itself asserts as the "focus" of the claimed advance over the prior art. *TecSec, Inc. v. Adobe, Inc.,* 978 F.3d 1278, 1292-93 (Fed. Cir. 2020). Such an analysis must remain true to the language of the claims themselves in light of the specification and must be careful to avoid overgeneralizing the claims. *Id.* (citing cases). The focus of the claimed advance over the prior art in this case is a system that allows for a comparison of an action of a user, such as a golf swing, against a preferred action and that generates instructions to the user based on the comparison. The system of the Asserted Claim utilizes, *inter alia*, a "sensor" that captures the action of the user, and

"hardware" that communicates the action of the user to a "component set" that compares the action of the user to the preferred action and generates the instructions to the user.

The functions performed by the claimed system are not "mental processes that can be performed in the human mind or using pencil and paper." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361-62 (Fed. Cir. 2023). Indeed, the "actions" discussed in the written specification, such as analyzing a golf swing, are not capable of being performed in the human mind. For example, as discussed above, the written specification of the Asserted Patent states the following with regards to the "instruction" that is produced by the claimed "instruction component:"

> As has been suggested, instruction **160** can involve more than defining the differences, *but also describe aspects not necessarily directly related to, in contact with, or the focus of a particular technique*. By way of example, a less experienced golfer may myopically view the end result of a swing to be purely a product of arm motion. However, the starting position, end position, and motion between both for head, shoulders, hips, legs and feet can be influential. In this regard, *a golfer's movement can be carefully tracked and statistical analysis applied to inputs and outputs at different stages of motion on different portions of the body to determine the changes that can be implemented to more accurately emulate a desired form*. (emphasis added).
> *See* Asserted Patent 4:47-59.

Carefully tracking a golfer's movement, applying statistical analysis to the inputs and outputs at different stages of motion on different portions of the body, and determining the changes that can be implemented to more accurately emulate a desired form are not steps that can be performed in the human mind, or with paper and pencil.

Further, an idea is abstract if it has "no particular concrete or tangible form." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014); *see also In re TLI Communications*, 87 F. Supp. 3d 773, 785 (E.D. Va. 2015) (An idea is abstract if it "describes a scheme or concept not tied to a particular concrete application"). Although the "precise contours of the 'abstract ideas' category" were not delimited in *Alice*, the Supreme

6

Court and the Federal Circuit have provided some important principles. Namely, the Supreme Court has instructed that mathematical algorithms and fundamental economic and conventional business practices are abstract ideas. See *DDR Holdings, LLC v. Hotels.com LP*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) (citing *Gottschalk, Acting Commissioner of Patents v. Benson, et al.*, 409 U.S. 63, 64 (1972) (finding mathematical algorithms patent ineligible); *Bilski v. Kappos*, 561 U.S. 593, 611 (2010) (finding the "fundamental economic practice" of hedging to be patent ineligible); *Alice*, 134 S.Ct. at 2356 (same for intermediated settlement)).

In addition, claims that "simply instruct the practitioner to implement the abstract idea of intermediated settlement on a generic computer" are also abstract. *DDR Holdings*, 773 F.3d at 1256 (citing *Alice*, 134 S.Ct. at 2359); *see also Ultramercial*, 772 F.3d at 715-16 (finding claims using advertising as a currency as applied to the particular technological environment of the Internet merely recited an abstract idea); *BuySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) (finding claims patent ineligible that did nothing more than implement the abstract idea of creating a "transaction performance guaranty" over a network); *Accenture Global Servs., GMbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1344-45 (Fed. Cir. 2013) (finding claims patent ineligible that merely recited "generalized software components arranged to implement an abstract concept on a computer"); *Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) (finding claims patent ineligible that recited the use of a computer to implement the abstract idea of managing a stable-value protected life insurance policy) (collectively "DDR Holdings Cases").

At issue in the DDR Holdings cases, is that the Patent Claims "were recited too broadly and generically to be considered sufficiently specific and meaningful applications of their underlying abstract ideas … [and] in substance were directed to nothing more than the performance of an abstract business practice on the Internet or using a conventional computer." *DDR Holdings*, 773 F.3d at 1256. These types of claims are not patent-eligible. *Id*.

Here, the Patent Claims do not fall within the contours of the DDR holdings cases. They have physical, tangible and specialized components that are directed to more than performance of an abstract idea. *See id*. The Patent Claims utilize a "sensor," "hardware," "communication hardware", and an unconventional specialty programmed processor (or processing device) that implements the claimed "component set" that allows for a comparison of an action of a user, such as a golf swing, against a preferred action and that generates instructions to the user based on the comparison. Thus, the Patent Claims have a clear, concrete and tangible form.

      **B.**    *Alice* **Step Two – The Patent Claims Include an Inventive Concept**

As discussed above, the Patent Claims are not directed to an abstract idea. Further, even assuming, *arguendo*, that the Patent Claims are directed to an abstract idea, the Patent Claims nonetheless include an inventive concept.

Almost all inventions consist of new combinations of old elements. *See DDR*, 773 F.3d at 1257 n.5 ("[o]n a fundamental level, the creation of new compositions and products based on combining elements from different sources has long been a basis for patentable inventions"). Thus, a claim element is not conventional for purposes of a Section 101 analysis just because it appears in the prior art.

The Asserted Claim utilizes, *inter alia*, a "sensor" that captures the action of the user, and "hardware" that communicates the action of the user to a "component set" that compares the action of the user to the preferred action and generates the instructions to the user. This is accomplished by a specific claimed architecture in which relationships between physical elements are defined that enable the claimed functions. These elements and architecture are found in the Patent Claims and described in the written specification.

**III.**    **CLAIM CONSTRUCTION**

Plaintiff asserts that at least the following terms/phrases require construction prior to the Court ruling on Defendant's Motion: (1) "hardware that couples the housing to at least one of the user, equipment used by the user in performance of the actual action of the user,

or a combination thereof;" (2) "comparison component; (3) "difference component;" (4) "selection component;" and (5) "instruction component."

For example, Defendant argues that the claims are directed to the abstract idea of "teaching how to perform a task." *See* Defendant's Motion at 1. However, the "comparison component," "difference component," "selection component," and "instruction component." must be properly structured such that, for example, "a golfer's movement can be carefully tracked and statistical analysis applied to inputs and outputs at different stages of motion on different portions of the body to determine the changes that can be implemented to more accurately emulate a desired form." *See* Asserted Patent 4:47-59.

A proper construction of these phrases is *directly relevant* to the issue of whether "[t]he "claims merely recite use of generic, conventional components" and whether the elements of each claim "transform the nature of the claim into a patent-eligible application." *See* Defendant's Motion at 11 (citing *Bozeman Fin. LLC v. Fed. Reserve Bank of Atlanta*, 955 F.3d 971, 980 (Fed. Cir. 2020). A proper construction of these phrases is also required to properly evaluate Defendant's "abstract concept" arguments. Indeed, because Defendant's motion is presented to the Court at the pleading stage, the Court is left with *zero developed record* from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art as of February 2013, not to mention a lack of familiarity with the disclosure and the prosecution history of the Asserted Patent.

Further, other courts have previously denied a Rule 12(b)(6) motion to dismiss prior to claim construction, even when the defendant offered to adopt plaintiff's proposed claim constructions. *See, e.g., GreatGigz Solutions, LLC v. East Texas Border Health Clinic d/b/a Genesis Primecare,* Case No 2:21-cv-00370-JRG, Dkt. No. 29 (June 28, 2022 E.D. Tex.) ("the briefing demonstrates that much of the record is left undeveloped, and it is clear that numerous disagreements between the parties concerning the *Alice* analysis impinge on the construction of the disputed terms" . . . "further inquiry into issues such as the knowledge of one of ordinary skill in the art as to the disputed terms may be resolved at claim construction" . . . "the Court is not inclined to hypothetically adopt either party's purported claim

9

constructions to push the case to an earlier resolution while such disputes remain").

Accordingly, Plaintiff's Motion is premature and should not be taken up until after claim construction has occurred in this case and the factual record as to the state of the prior art developed.

### IV. CONCLUSION

Plaintiff has plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Defendant's Motion cannot overcome the factual assertions in the Amended Complaint and the factual assertions derived directly from the written specification of the Asserted Patents. Further, claim construction is required in order to properly evaluate Defendant's "abstract concept" and "no inventive concept" arguments.

RESPECTFULLY SUBMITTED this 8th day of May, 2024.

    MotoSalas Law, PLLC

    By: */s/Kenneth M. Motolenich-Salas*
    Kenneth M. Motolenich-Salas (Bar No. 027499)
    MotoSalas Law, PLLC
    16210 North 63rd Street
    Scottsdale, AZ 85254
    Telephone: 202-257-3720
    E-mail:   ken@motosalaslaw.com

    Christopher A. Honea (*pro hac vice*)
    Texas Bar No. 24059967
    chonea@ghiplaw.com
    Randall Garteiser (*pro hac vice*)
    Texas Bar No. 24038912
    rgarteiser@ghiplaw.com
    M. Scott Fuller (*pro hac vice*)
    Texas Bar No. 24036607
    rgarteiser@ghiplaw.com
    GARTEISER HONEA, PLLC
    119 W. Ferguson Street
    Tyler, Texas 75702
    Telephone: (903) 705-7420
    Facsimile: (903) 405-3999

    *Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, I electronically transmitted the foregoing document and all exhibits thereto to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

By: */s/ Kenneth M. Motolenich-Salas*